**IN THE DISTRICT COURT FOR THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

CROWN BAY MARINA, L.P.         )
                               )
   *Plaintiffs*              )
                               )   Case No. 2022-cv-00014
v.                             )
                               )
AUTORIDAD DE TRANSPORTE        )
MARÍTIMO (ATM) aka PUERTO RICO )
AND THE ISLAND MUNICIPALITIES  )   ACTION FOR BREACH OF CONTRACT
MARITIME TRANSPORT AUTHORITY   )   AND INDEMNIFICATION
                               )
   *Defendant.*              )

## COMPLAINT

### PARTIES

1. Plaintiff, CROWN BAY MARINA, L.P. ("Crown Bay" or "CBM") is and was, at all times material, a Delaware Limited Partnership with its principal place of business in Kirkland, Washington.

2. Defendant Autoridad de Transporte Marítimo ("ATM") aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA") is a public corporation of the Commonwealth of Puerto Rico which, by statute, holds a legal existence and personality separate from the Government of the Commonwealth of Puerto Rico, its agencies, instrumentalities and political subdivisions.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C.S. § 1332 because the Plaintiff and the Defendant are citizens of different states/territories and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391 as PRMTA is subject to jurisdiction of this Court and substantial parts of its acts and omissions occurred in this district.

5. Supplemental jurisdiction for Territorial law claims exists under 28 U.S.C. § 1367(a).

6. Crown Bay Marina, L.P. has been assigned a contractual right of indemnity from Subbase Drydock, Inc. against PRMTA and, as such, CBM is a real party in interest pursuant to Fed.R.Civ.P. 17.

Case: 3:22-cv-00014-RM   Document #: 1   Filed: 03/04/22   Page 2 of 6

*Crown Bay Marina, L.P. v. Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA"); Case No. 2022-cv-00014*
Complaint
Page 2 of 6

## NATURE OF THE ACTION

7. PRMTA is responsible for operating and maintaining the maritime transportation operations in Puerto Rico and its adjacent islands.

8. PRMTA owned two vessels, the *m/v Culebra II* (a 145 foot-long passenger ferry) and the *m/v Caribena* (a 100 foot-long passenger ferry).

9. PRMTA contracted with Subbase Drydock, Inc., a Virgin Islands' company, which provided drydock repairs and other services to vessels in St. Thomas.

10. Throughout the years, Subbase has provided repair and maintenance service on *m/v Culebra II* and the *m/v Caribena* at the direction of the PRMTA.

11. As part of the services provided by Subbase to PRMTA, Subbase would move the *m/v Culebra II* and the *m/v Caribena* to what it considered safer dockages in the face of impending storms, including hurricanes and tropical storms.

12. In 2017 Subbase was the custodian for the *m/v Culebra II* and the *m/v Caribena*.

13. For some time, Subbase had been demanding that PRMTA execute indemnity agreements for the *m/v Culebra II* and the *m/v Caribena* such that if Subbase had to incur expenses or would liable for any damages caused by the vessel(s) while acting as custodians, PRMTA would indemnify and hold Subbase harmless for any damages.

14. On or about August 30, 2017 Luis M. Abreu-Noble, as the (then) Executive Director of the PRMTA executed two separate documents titled "STATEMENT OF RESPONSIBILITY, WAIVER, AND UNDERSTANDING IN CASE OF STORM THREAT" for the *m/v Culebra II* and the *m/v Caribena*, respectively.

15. Those Indemnity Agreements specifically authorized Subbase to, *inter alia*, move the *m/v Culebra II* and the *m/v Caribena* "to another location that, in the independent judgment of SUBBASE, is likely to be safer than the Subbase facility;"

16. These Indemnity Agreements designated "Luis M. Abreu-Noble, Executive Director Puerto Rico and Municipal Islands Maritime Transport Authority, as the authorized as Owner of, owner pro hac vice of, agent for, and/or captain of the vessel[s]" as the "Responsible Person" and further provided that:

> 7) Responsible Person promises to defend, indemnify, and hold harmless SUBBASE for and against any and all claims, demands, suits, or other actions by any person or entity related to the exercise by SUBBASE of the permission given to it by this Statement.

Case: 3:22-cv-00014-RM    Document #: 1    Filed: 03/04/22    Page 3 of 6

*Crown Bay Marina, L.P. v. Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA"); Case No. 2022-cv-00014*
Complaint
Page 3 of 6

> 8) Responsible Person agrees to reimburse SUBBASE for all out-of-pocket expenses incurred by SUBBASE related to actions that may be taken under this Statement within thirty fourteen (45) days of invoice to Responsible Person. In addition, Responsible Person agrees to pay SUBBASE for all additional work done and materials provided by SUBBASE related to actions taken under this Statement within Fourteen ( 45) days of invoice to Responsible Person.

17. Subbase exercised its discretion to relocate the *m/v Culebra II* and the *m/v Caribena* to Crown Bay Marina on or about September 3, 2017 in anticipation of Hurricane Irma.

18. Subbase then docked the *Culebra II* at the "T" dock at Crown Bay Marina and the *Caribena* at the "B" dock.

19. On September 5, 2017 Subbase, as agents for PRMTA, executed a series of Dockage Agreements with CBM for the *m/v Culebra II* and the *m/v Caribena* making Subbase responsible for any damages caused by the vessels during their dockage at the marina.

20. Hurricane Irma struck St. Thomas on September 6, 2017.

21. Both the *m/v Culebra II* and the *m/v Caribena* broke free from their moorings during the storms.

22. CBM alleged that *m/v Culebra II* and the *m/v Caribena* caused extensive damage at the marina when they broke free during the storm.

23. CBM obtained estimates for damages and sent a demand letter to Subbase for payment.

24. Subbase denied liability and CBM filed suit against Subbase for negligence and breach of contract.

25. Subbase defended the matter which went to a bench trial on [dates].

26. The Court found in favor Subbase on CBM's negligence claim but found in favor of CBM on its breach of contract claim.

27. The Court awarded CBM $331,658 in damages and prejudgment interest against Subbase.

28. The Court further awarded CBM $79,410.00 in attorney's fees and $19,244.87 in costs and expenses.

*Crown Bay Marina, L.P. v. Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA"); Case No. 2022-cv-00014*
Complaint
Page 4 of 6

29. Including prejudgment interest, the judgment was $371,565.12, plus $79,410.00 in fees and $19,244.87 in costs for a total award of $470,219.99. CBM was also entitled to post judgment interest at 0.06% per annum.

30. Both Subbase and CBM appealed/cross-appealed the judgment to the Third Circuit Court of Appeals.

31. The parties were ordered to mediation by the Third Circuit.

32. During the mediation process, and having assessed the potential risks and benefits of the appeal, Subbase and its insurer (XL Specialty Insurance) and CBM agreed to resolve the appeal/cross-appeal on the following terms:

    a. Subbase/XL Specialty Insurance would pay $350,000 to CBM;
    b. Subbase would assign its rights of indemnity against PRMTA to CBM.
    c. XLSI would exercise it subrogation rights as to Subbase's indemnity rights against PRMTA and would assign those rights to CBM.

33. In defending against CBM's claims, Subbase incurred $210,397.86 in legal fees and expenses.

34. Subbase expended a total $560,397.86 in defending and settling the claims.

35. Pursuant to Subbase's assignment rights to CBM, CBM sent a demand for payment of $560,397.86 to PRMTA which was served by hand on January 5, 2022.

36. The agreement between PRMTA and Subbase required PRMTA to make payment within forty-five days of a demand.

37. More than forty-five days have passed since the demand, but PRMTA has refused to pay the amounts owed under its legal obligations of indemnity and defense.

38. PRMTA has breached it legal and contractual obligations, duties and responsibilities and, as such, PRMTA liable to CBM as the assigned holder of Subbase's former rights of indemnity and defense.

## CLAIMS

### COUNT I
*Contractual Indemnification*

39. CBM incorporates by reference all preceding paragraphs as if fully restated herein.

Case: 3:22-cv-00014-RM   Document #: 1   Filed: 03/04/22   Page 5 of 6

*Crown Bay Marina, L.P. v. Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA"); Case No. 2022-cv-00014*
Complaint
Page 5 of 6

40. PRMTA entered into the Indemnity Agreements with Subbase through which PRMTA, as promisor, agreed to protect the Subbase, as promisee, against loss or damages by reason of liability to a third party.

41. Subbase undertook control and custody of the *Culebra II* and *Caribena* to relocate those vessels in anticipation of Hurricane Irma.

42. As a result of the relocation of those vessels from Subbase Drydock to Crown Bay Marina, CBM filed suit against Subbase, for which Subbase incurred costs of defense, a judgment and, after trial, a settlement with CBM.

43. Contracts (in the form of the Indemnity Agreements) existed between PRMTA and Subbase which required PRMTA to indemnify, defend, and hold harmless Subbase for any claims or causes of action stemming from its custody and relocation of the *Culebra II* and *Caribena*.

44. Based on the actions taken by Subbase pursuant to those contracts, Subbase incurred a lawsuit which caused and resulted in losses, expenses, a judgment and settlement all which fell within the contracts between PRMTA and Subbase.

45. The legal expenses, costs, and settlement amounts incurred by Subbase were reasonable and the settlement was entered into in good faith and, in fact, represented a significant reduction in the actual judgment.

46. The amount of costs and expenses incurred by Subbase in this matter are readily calculable, certain and non-speculative.

47. Subbase incurred $560,397.86 in expenses in the form of attorneys' fees and costs and expenses, as well as a settlement in lieu of a pending judgment.

48. Subbase has assigned its rights of defense and indemnification to CBM.

49. PRMTA is therefore liable to CBM for all costs and expenses (including the settlement amount) incurred by Subbase.

## COUNT II
*Breach of Contract*

50. PRMTA entered into a contractual agreement with Subbase by which PRMTA agreed to indemnify Subbase for any expenses incurred in acting as custodians of the *Culebra II* and *Caribena*.

51. Subbase did act as custodians of the two PRMTA vessels in advance of Hurricane Irma which struck St. Thomas on September 6, 2017.

*Crown Bay Marina, L.P. v. Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA"); Case No. 2022-cv-00014*
Complaint
Page 6 of 6

52. Subbase incurred $560,397.86 in expenses in the form of attorneys' fees and costs and expenses, as well as a settlement in lieu of a pending judgment.

53. Pursuant to the agreements with PRMTA, CBM, as assignee of those agreements, made a demand for payment for expenses incurred under the agreements.

54. More than forty-five days have elapsed since CBM has made its demand for payment on the PRMTA.

55. PRMTA has breached its contractual obligations to CBM as assignee by refusing to pay the amounts owed to CBM.

56. PRMTA is liable to CBM for compensatory damage, as well as for all costs, expenses, attorneys' fees, and interest incurred in pursuing this debt.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully demand judgment be entered in favor of Plaintiffs and against Defendants, and that Plaintiffs be awarded the following:

a. Compensatory damages;

b. Attorney's fees and costs;

c. Any other relief deemed appropriate.

Date:   March 4, 2022               The Cattie Law Firm, P.C.

                                    By: /s/ David J. Cattie, Esq.
                                        DAVID J. CATTIE, ESQ.
                                        V.I. Bar No. 964
                                        1710 Kongens Gade
                                        St. Thomas, Virgin Islands 00802
                                        Telephone: 340.775.1200
                                        Facsimile:  800.878.5237

                                        david.cattie@cattie-law.com