IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CROWN BAY MARINA, L.P. ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No. 3:22-cv-00014 |
| v. ) | |
| ) | |
| AUTORIDAD DE TRANSPORTE ) | |
| MARÍTIMO (ATM) aka PUERTO RICO ) | |
| AND THE ISLAND MUNICIPALITIES ) | ACTION FOR BREACH OF CONTRACT |
| MARITIME TRANSPORT AUTHORITY ) | AND INDEMNIFICATION |
| ) | |
| *Defendant.* ) | |

**JOINT MOTION TO APPROVE THE SETTLEMENT AND PAYMENT
PLAN AGREEMENT AND RELEASE OF ALL CLAIMS, AND
TO DISMISS THE CASE WITHOUT PREJUDICE**

**COMES NOW,** Plaintiff Crown Bay Marina, L.P. ("CBM") and Defendant Autoridad de Transporte Marítimo aka Puerto Rico and the Island Municipalities Maritime Transport Authority ("PRMTA") (collectively "the Parties"), by and through their undersigned attorneys, and jointly state and pray:

1. On October 23, 2023, the parties executed a Settlement Agreement and Payment Plan and Release of All Claims ("Settlement Agreement"). Attached is a copy of the Settlement Agreement.

2. The Settlement Agreement is subject to Puerto Rico Act 68-2023 ("Act 68"). Act 68 requires, *inter alia*, that the payment of any settlement agreement or judgment involving a public corporation, such as PRMTA, be subject to an approved payment plan. The Settlement Agreement Provides, *inter alia*, in Paragraph 1:

1. <u>Payment Plan</u>

Subject to the approval of the Honorable Court, CBM agrees and accepts the total amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) from PRMTA to settle the totalities of claims between the parties. This payment will be paid by PRMTA in four installment payments, as follows: (a) $125,000.00 on or before thirty days after the Honorable Court approves this Agreement; (b) $125,000.00 on or before 90 days after this Agreement is approved by the court (+/- January 10, 2024); (c) $50,000.00 on or before October 4, 2024, and (d) $50,000.00 on or before October 6, 2025.

The payment of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) constitutes the total and complete compensation for all CBM's claims and damages, past and future, alleged in the Complaint, which have or could have been set forth in Civil Action No. 2022-cv-00014. No other compensation of any kind or for any concept is due to CBM.

Upon approval of the Honorable Court of this Agreement, the Parties shall stipulate to the dismissal without prejudice of the instant action. Upon payment of all funds as outlined herein, CBM shall stipulate the dismissal with prejudice of the instant action.

The Settlement Agreement further provides in Paragraph 2:

2. <u>Availability of Funds</u>

PRMTA, or any of its officials or employees, shall not be compelled to make any installment payment as described in Paragraph 1 above when no funds are available. The determination of lack of funds to make said installment payments shall be certified by PRMTA. If the legislative Assembly of the Commonwealth of Puerto Rico appropriated such funds, including those from the General Fund, the Office of Management and Budget shall confirm such funds, and the determination thereto shall be final.

[In the event]…If there are no funds available for the payment of this settlement agreement, or any payment outlined herein, the remedy shall be the payment of interest on the amount owed pursuant to the provisions of the Puerto Rico Rules of Civil Procedure and the applicable special laws.

3. This payment plan complies with Act 68 in all respects, with the payment plan spread over three fiscal years.

4. Puerto Rico's Act 68 also requires the Honorable Court to approve the Settlement Agreement for it to be enforceable.

2

5. "A court may enter judgment approving a recited settlement agreement that covers all terms of the agreement and is a binding contract on the parties." *Sanghavi Jewels, Inc. v. Shalhout*, 2012 WL 4462046, at *4 (D.Virgin Islands, 2012).

6. The Parties have stipulated that upon approval of the Settlement Agreement, the instant action be dismissed without prejudice. Upon payment of all funds, as provided for in the payment plan, CBM shall stipulate the dismissal with prejudice. The Parties, therefore, request the Honorable Court to retain jurisdiction until payment of all funds is made.

WHEREFORE, CMB and PRMTA respectfully request that the Honorable Court approve the Settlement Agreement and Payment Plan and Release of All Claims, dismiss the instant matter without prejudice, and retain jurisdiction until the payment of all settlement funds.

**Dated**: November 7, 2023.

Respectfully submitted,

| | |
|---|---|
| /s/Carol G. Hust, Esq.<br>Carol G. Hurst, Esq.,<br>VI Bar No. 300<br>Carol G. Hurst, P.C.<br>P.O. Box 10829<br>St. Thomas, VI 00801<br>Phone: (340) 514-5541<br>cghurst@hurstvilaw.com<br><br>Jorge F. Blasini, Esq.<br>Jiménez. Graffam, & Lausell<br>Midtown Building, Fourth Floor<br>420 Ponce de León Ave.<br>San Juan, PR 00918-3405<br>jblasini@jgl.com<br><br>*For Defendant Autoridad de Transporte Marítimo (ATM) aka Puerto Rico and the Island Municipalities Maritime Transport Authority (PRMTA)* | The Cattie Law Firm, P.C.<br><br>/s/ David J. Cattie, Esq.<br>DAVID J. CATTIE, ESQ.<br>V.I. Bar No. 964<br>1710 Kongens Gade<br>St. Thomas, Virgin Islands 00802<br>Telephone: 340.775.1200<br>Facsimile: 800.878.5237<br>david.cattie@cattie-law.com<br><br>*For Plaintiff* |